IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EZEQUIEL CARLOS, et al., | CASE NO. CV F 09-0260 LJO GSA |
| Plaintiffs, | **ORDER ON DEFENDANT'S F.R.Civ.P. 12(b)(6) MOTION TO DISMISS** |
| vs. | (Doc. 9.) |
| OCWEN LOAN SERVICING, LLC, et al, | |
| Defendants. | |

## INTRODUCTION

Defendant Saxon Mortgage Services, Inc. ("Saxon") seeks to dismiss plaintiffs Ezequiel Carlos and Luz Carlos' (collectively "plaintiffs'") real estate loan claims as conclusory and as barred by plaintiffs' inability to tender loan proceeds, limitations period and federal preemption. Plaintiffs filed no timely papers to oppose Saxon's dismissal. This Court considered Saxon's F.R.Civ.P. 12(b)(6) motion on the record and VACATES the May 20, 2009 hearing, pursuant to Local Rule 78-230(c), (h). For the reasons discussed below, this Court DISMISSES plaintiffs' claims against Saxon.

## BACKGROUND

### Plaintiffs' Home Loan And Default

On July 5, 2006, plaintiffs executed a $298,500 promissory note ("promissory note") payable to defendant First NLC Financial Services, LLC ("First NLC") to refinance their Merced home ("property"). The promissory note was secured by the property by a Deed of Trust ("DOT") recorded

1

on July 13, 2006.[1] The DOT names Jeffrey M. Henschel as trustee and Mortgage Electronic Systems, Inc. ("MERS") as nominee beneficiary for First NLC.

After plaintiffs fell nearly $20,000 in arrears on promissory note payments, a Notice of Default and Election to Sell Under Deed of Trust was recorded on July 2, 2008. Pursuant to a Substitution of Trustee recorded on November 21, 2008, defendant Old Republic Default Management Services ("Old Republic") substituted as the DOT trustee. On November 21, 2008, Old Republic recorded a Notice of Trustee's sale to schedule a December 10, 2008 sale of the property.

### Plaintiffs' Claims

Plaintiffs filed this action on February 10, 2009 and complain generally that loan disclosure documents failed to disclose "the true nature and cost" of their loan and failed to satisfy requirements under the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, et seq., and its implementing regulations, 12 C.F.R. §§ 226, et seq. ("Reg. Z"). Plaintiffs' operative complaint alleges:

1. A (first) TILA rescission cause of action that plaintiffs are entitled to rescind their loan for "failure to provide proper *material* disclosures" under TILA and Reg. Z (italics in original);
2. A (second) apparent TILA violation cause of action for damages arising from failure to make required TILA and Reg. Z disclosures; and
3. A (third) California Business and Professions Code, §§ 17200, et seq.,[2] cause of action that TILA and Reg. Z violations constitute unfair competition and unfair and fraudulent business practices under UCL.

The complaint seeks to rescind plaintiffs' loan, a return of plaintiffs' money or property, statutory damages, an injunction of foreclosure, and attorney fees.

### DISCUSSION

### F.R.Civ.P. 12(b)(6) Motion Standards

Defendants seek F.R.Civ.P. 12(b)(6) dismissal of plaintiffs' claims on grounds that they are

---

[1] All documents pertaining to plaintiffs' loan and default were recorded with the Merced County Recorder.

[2] California Business and Professions Code, §§ 17200, et seq., will be referred to as "UCL" ["Unfair Competition Law"].

1 | "wholly unsupported by fact, defective as a matter of law," and time barred.

A F.R.Civ.P. 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set forth in the complaint. "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

In resolving a F.R.Civ.P. 12(b)(6) motion, the court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996). Nonetheless, a court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 765, 767 (8th Cir. 2003) (citation omitted). A court need not permit an attempt to amend a complaint if "it determines that the pleading could not possibly be cured by allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998).

Moreover, a limitations defense may be raised by a F.R.Civ.P. 12(b)(6) motion to dismiss. *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980); *see Avco Corp. v. Precision Air Parts,*

*Inc.*, 676 F.2d 494, 495 (11th Cir. 1982), *cert. denied*, 459 U.S. 1037, 103 S.Ct. 450 (1982). A F.R.Civ.P. 12(b)(6) motion to dismiss may raise the limitations defense when the statute's running is apparent on the complaint's face. *Jablon*, 614 F.2d at 682. If the limitations defense does not appear on the complaint's face and the trial court accepts matters outside the pleadings' scope, the defense may be raised by a motion to dismiss accompanied by affidavits. *Jablon*, 614 F.2d at 682; *Rauch v. Day and Night Mfg. Corp.*, 576 F.2d 697 (6th Cir. 1978).

For a F.R.Civ.P. 12(b)(6) motion, a court generally cannot consider material outside the complaint. *Van Winkle v. Allstate Ins. Co.*, 290 F.Supp.2d 1158, 1162, n. 2 (C.D. Cal. 2003). Nonetheless, a court may consider exhibits submitted with the complaint. *Van Winkle*, 290 F.Supp.2d at 1162, n. 2. In addition, a "court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). A court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir.2003). Such consideration prevents "plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting reference to documents upon which their claims are based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998). A "court may disregard allegations in the complaint if contradicted by facts established by exhibits attached to the complaint." *Sumner Peck Ranch v. Bureau of Reclamation*, 823 F.Supp. 715, 720 (E.D. Cal. 1993) (citing *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir.1987)). Moreover, "judicial notice may be taken of a fact to show that a complaint does not state a cause of action." *Sears, Roebuck & Co. v. Metropolitan Engravers, Ltd.*, 245 F.2d 67, 70 (9th Cir. 1956); *see Estate of Blue v. County of Los Angeles*, 120 F.3d 982, 984 (9th Cir. 1997). As such, this Court may consider plaintiffs' pertinent loan and foreclosure documents.

## TILA Rescission

### *Plaintiffs' Rescission Notice And Failure To Offer To Tender*

The complaint notes that plaintiffs give "effective notice to rescind" their loan and surrender the property "or its equivalent in value determined by application of all proceeds since origination."

4

TILA's "buyer's remorse" provision allows borrowers three business days to rescind, without penalty, a consumer loan that uses their principal dwelling as security. *Semar v. Platte Valley Federal Sav. & Loan Ass'n*, 791 F.2d 699, 701 (9th Cir. 1986); 15 U.S.C. § 1635(a). TILA rescission may be extended up to three years if a lender fails to comply with TILA disclosure requirements. *Semar*, 791 F.2d at 701-702; 15 U.S.C. § 1635.

Saxon attacks plaintiffs' TILA rescission claim for "lack of a valid tender" in absence of indication that the complaint's allegation to surrender the property is unconditional, made in good faith to benefit the creditor and based on plaintiffs' ability and willingness to perform. Saxon notes that the property likely "is worth less than the debt owed." The "voiding of a security interest may be judicially conditioned on debtor's tender of amount due under the loan." *American Mortgage Network, Inc. v. Shelton*, 486 F.3d 815, 821 (4th Cir. 2007).

15 U.S.C. § 1635(b) governs the return of money or property when a borrower exercises the right to rescind:

> . . . Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction. If the creditor has delivered any property to the obligor, the obligor may retain possession of it. Upon the performance of the creditor's obligations under this section, the obligor shall tender the property to the creditor, except that if return of the property in kind would be impracticable or inequitable, the obligor shall tender its reasonable value. Tender shall be made at the location of the property or at the residence of the obligor, at the option of the obligor. If the creditor does not take possession of the property within 20 days after tender by the obligor, ownership of the property vests in the obligor without obligation on his part to pay for it. The procedures prescribed by this subsection shall apply except when otherwise ordered by a court.

12 C.F.R. § 226.23(d) address rescission effects and provides:

> (2) Within 20 calendar days after receipt of a notice of rescission, the creditor shall return any money or property that has been given to anyone in connection with the transaction and shall take any action necessary to reflect the termination of the security interest.

> (3) If the creditor has delivered any money or property, the consumer may retain possession until the creditor has met its obligation under paragraph (d)(2) of this section. When the creditor has complied with that paragraph, **the consumer shall tender the money or property to the creditor** or, where the latter would be impracticable or inequitable, tender its reasonable value. At the consumer's option, tender of property may be made at the location of the property or at the consumer's residence. Tender of money must be made at the creditor's designated place of business. If the creditor does not take

5

possession of the money or property within 20 calendar days after the consumer's tender, the consumer may keep it without further obligation. (Bold added.)

Although 15 U.S.C. § 1635(b) "provides for immediate voiding of the security interest and return of the money within twenty days of the notice of rescission, we believe this assumes that the notice of rescission was proper in the first place." *In re Groat*, 369 B.R. 413, 419 (Bankr. 8th Cir. 2007). The Ninth Circuit Court of Appeals has explained that prior to ordering rescission based on a lender's alleged TILA violations, a court may require borrowers to prove ability to repay loan proceeds:

> As rescission under § 1635(b) is an on-going process consisting of a number of steps, there is no reason why a court that may alter the sequence of procedures after deciding that rescission is warranted, may not do so before deciding that rescission is warranted when it finds that, assuming grounds for rescission exist, rescission still could not be enforced because the borrower cannot comply with the borrower's rescission obligations no matter what. Such a decision lies within the court's equitable discretion, taking into consideration all the circumstances including the nature of the violations and the borrower's ability to repay the proceeds. If, as was the case here, it is clear from the evidence that the borrower lacks capacity to pay back what she has received (less interest, finance charges, etc.), the court does not lack discretion to do before trial what it could do after.

*Yamamoto v. Bank of New York*, 329 F.3d 1167, 1173 (9th Cir. 2003) (affirming summary judgment for lender in absence of evidence that borrowers could refinance or sell property); *see American Mortgage*, 486 F.3d at 821 ("Once the trial judge in this case determined that the [plaintiffs] were unable to tender the loan proceeds, the remedy of unconditional rescission was inappropriate."); *LaGrone v. Johnson*, 534 F.2d 1360, 1362 (9th Cir. 1974) (under the facts, loan rescission should be conditioned on the borrower's tender of advanced funds given the lender's non-egregious TILA violations and equities heavily favoring the lender).[3]

The complaint merely alleges that "[a]ll conditions precedent have been performed or have occurred." The complaint's prayer seeks this Court's order that plaintiffs have no duty to tender if

---

[3] The Fourth Circuit Court of Appeals agrees with the Ninth Circuit that 15 U.S.C. § 1635(b) does not compel a creditor to remove a mortgage lien in the absence of the debtor's tender of loan proceeds:

Congress did not intend to require a lender to relinquish its security interest when it is now known that the borrowers did not intend and were not prepared to tender restitution of the funds expended by the lender in discharging the prior obligations of the borrowers.

*Powers v. Sims & Levin*, 542 F.2d 1216, 1221 (4th Cir. 1976).

defendants "fail to further respond lawfully" to plaintiffs' "valid rescission notice." The prayer seeks an alternative order "for Defendants to accept tender on reasonable terms and over a reasonable period of time."

Plaintiffs fail to establish that their complaint is a timely, valid rescission notice. The complaint acknowledges plaintiffs' inability to tender the loan proceeds to entitle plaintiffs to rescission. "Clearly it was not the intent of Congress to reduce the mortgage company to an unsecured creditor or to simply permit the debtor to indefinitely extend the loan without interest." *American Mortgage*, 486 F.3d at 820-821. Saxon correctly notes that without plaintiffs' tender, "rescission under TILA is an empty remedy, not capable of being granted." The absence of a sufficiently alleged notice of rescission and tender of loan proceeds dooms plaintiffs' TILA rescission claim to warrant its dismissal.

*Conclusory Allegations*

Saxon further challenges plaintiffs' TILA rescission claim as conclusory. Saxon points to the complaint's conclusory, speculative allegations that:

1. Loan disclosure documents did not satisfy TILA because they failed to disclose to plaintiffs "in a form and manner required by applicable statute and regulation, the true nature and cost of this transaction";

2. The Good Faith Estimate regarding settlement service fees and charges for the promissory note differed from the "actual settlement service fees and charges" incurred; and

3. The HUD-1 Settlement Statement "identifies additional charges deducted from the 'Amount Financed' that are actually 'Finance Charges.'"

Saxon correctly notes deficiencies of these and similar allegations which attempt to support TILA violations but lack sufficiency to do so. Plaintiffs' conclusory TILA rescission claims are subject to dismissal.

**TILA Damages**

The complaint's second cause of action appears to seek TILA damages. Saxon argues that a TILA damages claim fails for "lack of factual allegations to support its contentions and failure to factually assert tender or ability to tender." Saxon further contends that a TILA damages claim is barred

by the one-year limitations period of 15 U.S.C. § 1640(e), which provides that an action for a TILA violation must proceed "within one year from the date of the occurrence of the violation." The limitations period runs from the date of a transaction's consummation which is the time that a consumer becomes contractually obligated on a credit transaction. *Monaco v. Bear Stearns Residential Mortgage Corp.*, 554 F.Supp.2d 1034, 1039 (C.D. Cal. 2008). "Therefore, as a general rule the limitations period starts at the consummation of the transaction." *King v. State of Cal.*, 784 F.2d 910, 915 (9th Cir. 1986).

Saxon contends that the limitations period started no later than July 13, 2006, the date on which the complaint alleges that the mortgage transaction "closed" and that a February 10, 2009 filing of the complaint renders a TILA damages claim untimely. In *Meyer v. Ameriquest Mortgage Co.*, 342 F.3d 899, 902 (9th Cir. 2003), the Ninth Circuit Court of Appeals explained:

> The failure to make the required disclosures occurred, if at all, at the time the loan documents were signed. The [plaintiffs] were in full possession of all information relevant to the discovery of a TiLA violation and a § 1640(a) damages claim on the day the loan papers were signed.

Defendants further argue that the complaint lacks allegations of "rare circumstance where the limitations period may be tolled." *See Hubbard v. Fidelity Federal Bank*, 91 F.3d 75, 79 (9th Cir. 1996) (no evidence suggested that lender concealed its alleged breach).

Nothing in the complaint hints that plaintiffs were prevented to compare their loan documents and disclosures with TILA statutory and regulatory requirements. This Court construes lack of timely opposition as plaintiffs' concession that their TILA damages claim is time barred to warrant dismissal of it. The complaint's face reveals as much.

**UCL Claim**

Saxon attacks the complaint's (third) UCL cause of action as preempted by TILA in that it "is solely premised on purported violations of TILA."

"[B]ecause there has been a history of significant federal presence in national banking, the presumption against preemption of state law is inapplicable." *Bank of America v. City and County of S.F.*, 309 F.3d 551, 559 (9th Cir. 2002), *cert. denied*, 538 U.S. 1069, 123 S.Ct. 2220 (2003). In *Silvas v. E*Trade Mortgage Corp.*, 421 F.Supp.2d 1315 (S.D. Cal. 2006), *aff'd*, 514 F.3d 1001 (9th Cir. 2008), a fellow district court held that the Home Owners Loan Act ("HOLA"), 12 U.S.C. §§ 1461, et seq.,

preempted claims under the UCL if the UCL claims were predicated on TILA. *See Reyes v. Downey Saving & Loan Ass'n*, 541 F.Supp.2d 1108, 1115 (C.D. Cal. 2008). The court reasoned that "when federal law preempts a field, it does not leave room for the states to supplement it." *Silvas*, 421 F.Supp.2d at 1319 (citing *Rice v. Santa Fe Elev. Corp.*, 331 U.S. 218, 230, 67 S.Ct. 1146, 91 L.Ed. 1447 (1947)). States may not avoid preemption by adopting federal laws and adding supplemental remedies. *Reyes*, 541 F.Supp.2d at 1115; *see Public Util. Dist. No. 1 of Grays Harbor Cty. Wash. v. IDACOR, Inc.*, 379 F.3d 641, 648-49 (9th Cir.2004). "Plaintiffs' use of the UCL as predicated on TILA is preempted." *Reyes*, 541 F.Supp.2d at 1115; *see Nava v. Virtual Bank*, 2008 WL 2873406, at *7 (E.D. Cal. 2008) ("[F]or the same reason that plaintiff's UCL claim based on unfair or fraudulent business practices is preempted by federal law, plaintiff's UCL claim based on violation of TILA is also preempted. Moreover, plaintiff's UCL claim based on violation of TILA is also preempted by federal law since its application would supplement TILA by changing TILA's framework.")

In addition, if a TILA damages claim is time barred, a UCL claim based on TILA violations likewise fails. "A court may not allow plaintiff to 'plead around an absolute bar to relief simply by recasting the cause of action as one for unfair competition.'" *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir.2000); *see Rubio v. Capital One Bank (USA)*, 572 F.Supp.2d 1157, 1168 (C.D. Cal. 2008) (since plaintiff's TILA claim failed, plaintiff's UCL claim predicated on TILA likewise failed).

The (third) UCL cause of action is premised on TILA and alleges that defendants' acts and practices violate TILA and Reg. Z. The UCL cause of action makes repeated references to TILA to render it preempted. The time bar of plaintiffs' TILA damages claim bolsters dismissal of their UCL claim to prevent circumvention on the one-year TILA limitations period.

In addition, Saxon's points that the complaint fails to meet UCL pleading requirements are well taken and further support dismissal of the UCL claim. Furthermore, Saxon correctly notes that it is not subject directly or vicariously to a UCL claim in that First NLC, not Saxon, originated the promissory note to render First NLC responsible for TILA disclosures.

Based on dismissal of plaintiffs' claims, this Court need not address Saxon's alternative requests for a more definite statement and to strike the UCL claim and related relief.

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court:

1. DISMISSES with prejudice this action against defendant Saxon Mortgage Services, Inc.;

2. DIRECTS the clerk to enter judgment in favor of defendant Saxon Mortgage Services, Inc. and against plaintiffs Ezequiel Carlos and Luz Carlos; and

3. ORDERS plaintiffs' counsel, no later than 12 p.m. on May 15, 2009, to file papers to show cause why this Court should not dismiss this action against defendants Ocwen Loan Servicing, LLC, Old Republic Default Management Services, and First NLC Financial Services, Inc.

**This Court ADMONISHES plaintiffs and their counsel that this Court will dismiss this action against defendants Ocwen Loan Servicing, LLC, Old Republic Default Management Services, and First NLC Financial Services, Inc. if plaintiffs' counsel fails to comply with this order and fails to file timely papers to show cause why defendants Ocwen Loan Servicing, LLC, Old Republic Default Management Services, and First NLC Financial Services, Inc. should not be dismissed.**

IT IS SO ORDERED.

**Dated: May 8, 2009**　　　　　　　　　　　　/s/ Lawrence J. O'Neill
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE