IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EZEQUIEL CARLOS, et al., | CASE NO. CV F 09-0260 LJO GSA |
| Plaintiffs, | **POST-FIRST AMENDED COMPLAINT ORDER** |
| vs. | (Doc. 12.) |
| OCWEN LOAN SERVICING LLC, et al, | |
| Defendants. | |

On April 15, 2009, defendant Saxon Mortgage Services, Inc. ("Saxon") filed its motion to dismiss the original complaint of plaintiffs Ezequiel Carlos and Luz Carlos (collectively "plaintiffs") and set a May 20, 2009 hearing. The absolute deadline to respond to Saxon's motion to dismiss was May 6, 2009, and plaintiffs filed no timely papers to oppose Saxon's dismissal. This Court's May 8, 2009 ("May 8 order") order dismissed Saxon with prejudice and requires plaintiffs' counsel, no later than 12 p.m. on May 15, 2009, to file papers to show cause why this Court should not dismiss the three remaining defendants. This Court signed the May 8 order prior to plaintiffs' May 8, 2009 filing of their first amended complaint ("FAC"). The clerk entered a May 8, 2009 judgment in favor of Saxon and against plaintiffs.

This Court has reviewed the FAC and determines that the FAC does not warrant setting aside the judgment in Saxon's favor. The May 8 order and judgment remain in effect along with the May 8 order's requirement that plaintiffs' counsel, no later than 12 p.m. on May 15, 2009, file papers to show

cause why this Court should not dismiss this action against the three remaining defendants.

This Court surmises that plaintiffs filed this action in absence of good faith to stall foreclosure and to vex defendants named in their FAC.

The test for maliciousness is a subjective one and requires the court to "determine the . . . good faith of the applicant." *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915); *see Wright v. Newsome*, 795 F.2d 964, 968, n. 1 (11th Cir. 1986). A complaint is malicious if it suggests an intent to vex defendants or abuse the judicial process by relitigating claims decided in prior cases. *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981); *Phillips v. Carey*, 638 F.2d 207, 209 (10th Cir. 1981); *Ballentine v. Crawford*, 563 F.Supp. 627, 628-629 (N.D. Ind. 1983); *cf. Glick v. Gutbrod*, 782 F.2d 754, 757 (7th Cir. 1986) (court has inherent power to dismiss case demonstrating "clear pattern of abuse of judicial process"). A lack of good faith or malice also can be inferred from a complaint containing untrue material allegations of fact or false statements made with intent to deceive the court. *See Horsey v. Asher*, 741 F.2d 209, 212 (8th Cir. 1984).

As he has in many prior actions, plaintiffs' counsel makes assertions unsupported by fact or law and which this and other Courts have rejected and continue to reject routinely. Attempt to abuse the judicial process further warrants enforcement of and maintaining the May 8 order and judgment in favor of Saxon.

**This Court again ADMONISHES plaintiffs and their counsel that this Court will dismiss this action against defendants Ocwen Loan Servicing, LLC, Old Republic Default Management Services, and First NLC Financial Services, Inc. if plaintiffs' counsel fails to comply with the May 8 order and fails to file timely papers to show cause why defendants Ocwen Loan Servicing, LLC, Old Republic Default Management Services, and First NLC Financial Services, Inc. should not be dismissed.**

IT IS SO ORDERED.

Dated:   May 11, 2009           /s/ Lawrence J. O'Neill
                                                   UNITED STATES DISTRICT JUDGE