IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EZEQUIEL CARLOS, et al., | CASE NO. CV F 09-0260 LJO GSA |
| Plaintiffs, | **ORDER TO DISMISS REMAINING DEFENDANTS** |
| vs. | (Docs. 13, 15.) |
| OCWEN LOAN SERVICING LLC, et al, | |
| Defendants. | |

**INTRODUCTION**

On April 15, 2009, defendant Saxon Mortgage Services, Inc. ("Saxon") filed its motion to dismiss the original complaint of plaintiffs Ezequiel Carlos and Luz Carlos (collectively "plaintiffs") and set a May 20, 2009 hearing. The absolute deadline to respond to Saxon's motion to dismiss was May 6, 2009, and plaintiffs filed no timely papers to address Saxon's dismissal. This Court's May 8, 2009 ("May 8 order") order dismissed Saxon with prejudice and required plaintiffs' counsel, no later than 12 p.m. on May 15, 2009, to file papers to show cause why this Court should not dismiss this action against remaining defendants Ocwen Loan Servicing, LLC, Old Republic Default Management Services, and First NLC Financial Services, Inc. The May 8 order "**ADMONISHES plaintiffs and their counsel that this Court will dismiss this action against defendants Ocwen Loan Servicing, LLC, Old Republic Default Management Services, and First NLC Financial Services, Inc. if plaintiffs'**

1  **counsel fails to comply with this order and fails to file timely papers to show cause why defendants**
2  **Ocwen Loan Servicing, LLC, Old Republic Default Management Services, and First NLC**
3  **Financial Services, Inc. should not be dismissed.**" (Bold in original.)

This Court signed the May 8 order prior to plaintiffs' May 8, 2009 filing of their first amended complaint ("FAC"). The clerk entered a May 8, 2009 judgment in favor of Saxon and against plaintiffs.

This Court's May 11, 2009 order ("May 11 order") noted that the Court had reviewed the FAC and determined that the FAC does not warrant setting aside the judgment in Saxon's favor. The May 11 order explained that the May 8 order and judgment remain in effect along with the May 8 order's requirement that plaintiffs' counsel, no later than 12 p.m. on May 15, 2009, file papers to show cause why this Court should not dismiss this action against the three remaining defendants. The May 11 order noted that this Court "surmises that plaintiffs filed this action in absence of good faith to stall foreclosure and to vex defendants named in their FAC."

Like the May 8 order, the May 11 order "**again ADMONISHES plaintiffs and their counsel that this Court will dismiss this action against defendants Ocwen Loan Servicing, LLC, Old Republic Default Management Services, and First NLC Financial Services, Inc. if plaintiffs' counsel fails to comply with the May 8 order and fails to file timely papers to show cause why defendants Ocwen Loan Servicing, LLC, Old Republic Default Management Services, and First NLC Financial Services, Inc. should not be dismissed.**" (Bold in original.)

Plaintiffs' counsel filed no timely papers to comply with the May 8 and May 11 orders and to show cause why defendants Ocwen Loan Servicing, LLC, Old Republic Default Management Services, and First NLC Financial Services, Inc. should not be dismissed.

## DISCUSSION

### Failure To Comply With Orders

This Court's Local Rule 11-110 provides that ". . . failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).

A court may dismiss an action, with prejudice, based on a party's failure to obey a court order or local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for failure to comply with a court order or local rules or for lack of prosecution, a court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-1261; *Ghazali*, 46 F.3d at 53.

In this case, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal as plaintiffs indicate a lack of interest to further litigate or prosecute this action. The third factor -- risk of prejudice to defendant -- also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that its failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-133; *Henderson*, 779 F.2d at 1424.

The May 8 order "**ADMONISHES plaintiffs and their counsel that this Court will dismiss this action against defendants Ocwen Loan Servicing, LLC, Old Republic Default Management Services, and First NLC Financial Services, Inc. if plaintiffs' counsel fails to comply with this order and fails to file timely papers to show cause why defendants Ocwen Loan Servicing, LLC, Old Republic Default Management Services, and First NLC Financial Services, Inc. should not**

1  **be dismissed** " (Bold in original.) The May 11 order "**again ADMONISHES plaintiffs and their counsel that this Court will dismiss this action against defendants Ocwen Loan Servicing, LLC, Old Republic Default Management Services, and First NLC Financial Services, Inc. if plaintiffs' counsel fails to comply with the May 8 order and fails to file timely papers to show cause why defendants Ocwen Loan Servicing, LLC, Old Republic Default Management Services, and First NLC Financial Services, Inc. should not be dismissed.**" (Bold in original.) Plaintiffs and their counsel have ignored the May 8 and May 11 orders and received adequate warning that dismissal will result from disobedience of this Court's orders and failure to prosecute this action. Quite simply, plaintiffs have failed to comply with this Court's orders and to meaningfully and intelligently respond.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court DISMISSES without prejudice this action against defendants Ocwen Loan Servicing, LLC, Old Republic Default Management Services, and First NLC Financial Services, Inc. and DIRECTS the clerk to close this action.

IT IS SO ORDERED.

**Dated:   May 15, 2009**                    /s/ Lawrence J. O'Neill
                                                                    UNITED STATES DISTRICT JUDGE